NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1097
_____

JULIA INDRIATI,
                                    Petitioner
v.

THE ATTORNEY GENERAL OF THE UNITED STATES,
                                                      Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-606-309)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2013

Before:  RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: February 20, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Julia Indriati petitions for review of an order from the Board of Immigration

Appeals ("BIA") denying her motion to reopen.  For the following reasons, we will deny

the petition for review.

Indriati is a native and citizen of Indonesia who entered the United States in 2000 on a tourist visa. She left Indonesia because she did not feel safe after her home was ransacked in 1974 and 1998, and she was accosted on the street in 1999 by a man who grabbed her, threw her Bible to the ground, and warned her against going to church. In 2006, Indriati sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") claiming that she feared that Muslims in Indonesia would harm her because she is Chinese and Catholic. Her application was referred to an Immigration Judge ("IJ"). Indriati conceded that she is removable as charged for staying longer than her visa permitted. The IJ denied relief after a hearing, concluding that: (1) Indriati's asylum application was untimely; (2) her past experiences did not rise to the level of persecution; and (3) she did not demonstrate that it was more likely than not that she would be persecuted or tortured. The IJ did, however, grant voluntary departure. The BIA agreed with the IJ's determinations and dismissed her appeal. This Court denied Indriati's petition for review. Indriati v. Att'y Gen., 347 F. App'x 815, 817 (3d Cir. 2009).

In 2011, Indriati filed a motion to reopen her immigration proceedings, arguing that the untimeliness of her motion should be excused due to changed country conditions in Indonesia. She claimed that persecution of Christians by Muslim fundamentalists had increased, and she submitted a variety of news articles and State Department reports in support of her claim. The BIA denied the motion, concluding that the evidence of

violence against Christians by Muslim fundamentalists was merely a continuation of conditions that existed at the time of Indriati's 2007 immigration hearing and therefore did not establish materially changed conditions or circumstances in Indonesia. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). Such review is highly deferential, and the BIA's decision will not be disturbed unless it is "'arbitrary, irrational, or contrary to law'." Id. at 158 (quoting Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006)). As a general rule, an alien may file only one motion to reopen and must do so within ninety days of the date of the final administrative decision. 8 C.F.R § 1003.2(c)(2). These limitations do not apply, however, to motions that rely on "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Indriati challenges the BIA's determination that she failed to show changed country conditions. She first argues that the BIA misapplied the term "material" when concluding that her evidence showed a continuation of prior problems in Indonesia "rather than material changes in country conditions." A.R. at 4, Pet'r's Br. at 8-9. She asserts her evidence is material because it shows violence against Christians by Muslims. The BIA, however, did not hold that Indriati's evidence was not material; rather the

3

import of the quoted language – and the BIA's decision as a whole – is that the evidence did not persuasively show a change in country conditions.

Similarly flawed is Indriati's argument that the BIA erred by failing to find changed country conditions after it held that there was an increase in violence against Christians. Indriati reasons that an "increase" means that there has been "change," and thus a finding of changed country conditions must inexorably follow. Again, she focuses on only one sentence in the BIA's opinion: "[w]hile some documents . . . indicate that the number of attacks increased in 2010 . . . these problems appear to be the continuation of the problems that existed at the time of [Indriati's] hearing rather than material changes in country conditions." A.R. at 4. Read in isolation, this sentence may appear to be inconsistent by suggesting that an increase in attacks equates to a continuation of prior conditions. But in the sentences that followed, the BIA discussed other evidence submitted by Indriati which indicated that: (1) attacks are only sporadic and large-scale attacks have not occurred; (2) the Indonesian government prosecuted some individuals responsible for religious violence; (3) the police intervened to protect churches in some instances; and (4) there were efforts to improve relations between religious groups. Id. Read in context, it is apparent that the BIA did not categorically hold that Indriati's evidence established an increase in violence. Instead, the BIA merely noted that some evidence indicated an increase, whereas the weight of the evidence reflected a continuation of existing conditions. The BIA did not abuse its discretion by choosing one

4

interpretation of the evidence over another.  See Lopez De Hincapie v. Gonzales, 494

F.3d 213, 219 (1st Cir. 2007) ("Where the record supports plausible but conflicting

inferences in an immigration case, the . . . choice  between those inferences is, a fortiori,

supported by substantial evidence.")

Indriati also argues that the BIA drew the following erroneous conclusions from

her evidence:  (1) the inability of some Christian churches to obtain building and other

permits provides an opportunity for opposition by Muslim fundamentalists;[1] (2) the

Indonesian government prosecuted some individuals who were responsible for religiously

motivated violence; and (3) attacks on churches are infrequent.  A.R. at 4.  We reject

Indriati's argument as it amounts to nothing more than a dispute about what inferences

can be drawn from certain documents in the record.  Review of the documents that the

BIA cited when making the aforementioned statements shows that those documents

support the BIA's conclusions.  See e.g., A.R. at 47, 60, 62-63, 93, 100-02, 104.

Therefore, we cannot conclude that the BIA erred.

Finally, Indriati argues that the BIA abused its discretion by failing to address her

withholding of removal and CAT claims.  This argument lacks merit for two reasons.

---

[1] Indriati argues that this statement "implies" that the opposition is due to the lack of
permits, while ignoring the fact that the Indonesian government facilitates the opposition
by refusing to issue permits.  Pet'r's Br. at 11, Reply Br. at 7.  We do not read the BIA's
opinion as minimizing or rationalizing the violence against Christian churches in
Indonesia.  Rather, one aspect of the evidence before the BIA was simply the difficulty of
some churches in obtaining permits and the use of this fact by some Muslim groups as an
opportunity for protest or violence.

First, the BIA explicitly rejected Indriati's claim for withholding of removal in the last paragraph of its decision.  See A.R. at 4.  Second, while the BIA did not explicitly address Indriati's  CAT claim, the logical extension of the BIA's conclusions – that Indriati's evidence does not satisfy the standard for reopening and does not show that she will likely be harmed – is that her CAT claim would also fail.  Although the BIA should have expressly addressed the claim in its decision, Indriati has not demonstrated that a remand for such analysis is necessary because the outcome is clear.

For these reasons, we will deny the petition for review.